IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VIRGINIA ELECTRIC AND POWER COMPANY d/b/a DOMINION VIRGINIA POWER, | ) ) ) | |
| | ) | No. 17-464C |
| Plaintiff, | ) | (Senior Judge Bruggink) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

For its answer to the first amended complaint filed by plaintiff, Virginia Electric and Power Company d/b/a Dominion Virginia Power (plaintiff or Dominion) on December 19, 2017, ECF No. 22, defendant admits, denies, and alleges as follows:

1. Admits.

2. The allegations in paragraph 2 constitute conclusions of law to which no answer is required.

3. Denies the allegations in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. The allegations in paragraph 4 regarding "all relevant times" and "held" are ambiguous and unclear; therefore, defendant denies the allegations in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits.

6. The allegations in paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7.  Admits.

8.  Admits the allegations in the first sentence of paragraph 8.  The allegations in the second sentence of paragraph 8 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegation in the third sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to its truth.

9.  Denies the allegation in paragraph 9 that Fort Monroe has always been in Dominion service territory for lack of knowledge or information sufficient to form a belief as to its truth.  The remaining allegations in paragraph 9 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the referenced contract documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 11.

12. Admits.

13. Admits the allegations in the first sentence of paragraph 13.  Admits the allegations in the second sentence of paragraph 13 to the extent supported by the referenced termination notice, which is the best evidence of its contents; otherwise denies the allegations in the second sentence of paragraph 13.  The allegations in the third sentence of paragraph 13 regarding "[a]s part of the process" are ambiguous and unclear; therefore, defendant

denies the allegations in the third sentence of paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Admits the allegations in paragraph 14 to the extent supported by records related to the master utility meter serving Fort Monroe, which are the best evidence of their contents; otherwise denies the allegations in paragraph 14.

15. The allegations in paragraph 15 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. Admits the allegations in the first sentence of paragraph 16.  The allegations in the second sentence of paragraph 16 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations in paragraph 17 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations in paragraph 18 regarding "[i]ncident to the Contract termination" are ambiguous and unclear; therefore, defendant denies the allegations in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. The allegations in paragraph 19 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. The allegations in the first sentence of paragraph 20 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remaining allegations in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Denies the allegation in the first sentence of paragraph that the lighting system only used metal halide bulbs and concrete-based aluminum poles. The allegations in the second and third sentences of paragraph 21 regarding "the fixtures" are ambiguous and unclear; therefore, defendant denies the allegations in the second and third sentences of paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Denies the allegations in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Admits the allegations in the first sentence of paragraph 23.  Denies the allegations in the second sentence paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies the allegations in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. The allegation in paragraph 25 regarding "the non-conforming system" is ambiguous and unclear; therefore, defendant denies the allegation in paragraph 25 regarding "the non-conforming system" for lack of knowledge or information sufficient to form a belief as to its truth.  The remaining allegations in paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations in paragraph 27 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations in paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Denies the allegations in the first sentence of paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations in the second and third sentences of paragraph 29 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. Denies the allegations in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Denies the allegations in the first two sentences of paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegation in the third sentence of paragraph 31 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Admits the allegation in the footnote to paragraph 31 to the extent supported by the Code of Virginia, which is the best evidence of its contents; otherwise denies the allegations in the footnote to paragraph 31.

32. The allegations in the first two sentences of paragraph 32 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations in the third and fourth sentences of paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. Denies the allegations in the first sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations in the second sentence of paragraph 33 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations

in the third sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. The allegations in the first sentence of paragraph 34 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations in the second sentence of paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the third sentence of paragraph 34 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 34.

35. The allegations in paragraph 35 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. Admits the allegations in paragraph 36 to the extent supported by 10 U.S.C. § 2688, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations in paragraph 37 to the extent supported by the contract documents, which are the best evidence of their contents; otherwise denies the allegations in paragraph 37.

38. Admits the allegations in paragraph 38 to the extent supported by the contract documents, which are the best evidence of their contents; otherwise denies the allegations in paragraph 38.

39. Admits the allegations in paragraph 39 to the extent supported by the contract documents, which are the best evidence of their contents; otherwise denies the allegations in paragraph 39.

40. Admits the allegations in paragraph 40 to the extent supported by the contract documents, which are the best evidence of their contents; otherwise denies the allegations in paragraph 40.

41. Admits the allegations in paragraph 41 to the extent supported by the contract documents, which are the best evidence of their contents; otherwise denies the allegations in paragraph 41.

42. Admits the allegations in paragraph 42 to the extent supported by the referenced solicitation, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Admits the allegations in paragraph 43 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations in paragraph 43.

44. Admits the allegations in paragraph 44 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations in paragraph 44.

45. Admits the allegations in paragraph 45 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations in paragraph 45.

46. Admits the allegations in paragraph 46 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations in paragraph 46.

47. Admits the allegations in paragraph 47 to the extent supported by the contract documents, which are the best evidence of their contents; otherwise denies the allegations in paragraph 47.

48. Admits the allegations in paragraph 48 to the extent supported by the contract documents, which are the best evidence of their contents; otherwise denies the allegations in paragraph 48.

49. Admits the allegations in paragraph 49 to the extent supported by the contract documents, which are the best evidence of their contents; otherwise denies the allegations in paragraph 49.

50. Admits the allegations in paragraph 50 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations in paragraph 50.

51. Admits the allegations in paragraph 51 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations in paragraph 51.

52. Admits.

53. Admits.

54. Denies the allegations in the first sentence of paragraph 54.  The allegations in the second sentence of paragraph 54 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. Denies the allegations in the first sentence of paragraph 55.  Admits the allegations in the second sentence of paragraph 55.

56. Admits the allegations in the first two sentences of paragraph 56.  Admits the allegations in the third sentence of paragraph 56 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in the third sentence of paragraph 56.  Admits the allegations in the fourth sentence of paragraph 56.

57. Admits the allegations in paragraph 57 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 57.

58. Admits the allegations in the first sentence of paragraph 58.  Admits the allegations in the second sentence of paragraph 58 regarding what plaintiff told the Government.  The

allegations in the second sentence of paragraph 58 regarding contractual obligations, however, constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59. Admits the allegations in paragraph 59 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 59.

60. The allegations in paragraph 60 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61. The allegations in the first sentence of paragraph 61 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the second sentence of paragraph 61 to the extent supported by FAR § 49.105, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence paragraph 61.

62. Denies.

63. The allegations in paragraph 63 regarding "[a]t the same time" are ambiguous and unclear; therefore, defendant denies the allegations in paragraph 63 for lack of knowledge or information sufficient to form a belief as to their truth.

64. The allegations in paragraph 64 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

65. Admits the allegations in the first sentence of paragraph 65.  Denies the allegations in the second sentence of paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations in the third sentence of paragraph 65. Denies the allegations in the fourth sentence of paragraph 65.

66. Admits the allegations in the first sentence of paragraph 66.  Denies the allegations in the second sentence of paragraph 66.  Admits the allegations in the third sentence of paragraph 66 regarding what plaintiff told the Government.  The allegations in the third sentence of paragraph 66 regarding contractual obligations, however, constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the allegations in the fourth sentence of paragraph 66 for lack of knowledge or information sufficient to form a belief as to their truth.

67.  Admits the allegations in the first two sentences of paragraph 67 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in the first two sentences of paragraph 67.  The allegations in the third sentence of paragraph 67 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68. Denies the allegation in the first sentence of paragraph 68 that 633 CONS knew that it failed to provide Dominion with any guidance on preparation of the TSP.  Admits the allegation in the first sentence of paragraph 68 that 633 CONS referred plaintiff's TSP to DCAA for an audit.  Admits the allegations in the second and third sentence of paragraph 68 to the extent supported by the referenced audit, which is the best evidence of its contents; otherwise denies the allegations in the second and third sentence of paragraph 68.

69. The allegations in the first two sentences of paragraph 69 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations in the third and fourth sentences of paragraph 69 to the

extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in the third and fourth sentences of paragraph 69.

70.   The allegations in the first sentence of paragraph 70 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegation in the second sentence of paragraph 70.

71. The allegations in the first sentence of paragraph 71 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the second sentence of paragraph 71 to the extent supported by the referenced memorandum, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence paragraph 71.

72. The allegations in paragraph 72 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73. Admits the allegations contained paragraph 73 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 73.

74. Admits the allegation in the first sentence of paragraph 74 that BRAC funds for a settlement arising out of the closure of Fort Monroe were set to expire at the end of fiscal year 2013.  Denies the allegation in the first sentence of paragraph 74 that 633 CONS did nothing to advance the settlement before the funds expired.  Admits the allegations in the second sentence of paragraph 74 that Dominion inquired about the status of its termination proposal during the summer of 2013, and that it was not told that $4 million in BRAC funds had been set aside for a potential settlement.  Denies the remaining allegations in paragraph 74.

75. The allegations in paragraph 75 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76. Denies the allegation in paragraph 76 regarding Dominion's frustration for lack of knowledge or information sufficient to form a belief as to its truth.  Denies the allegation in paragraph 76 that the Government stonewalled Dominion.  Admits that Dominion contacted Army leadership to discuss the termination settlement.

77. Admits the allegations in paragraph 77 to the extent supported by the referenced email (complaint exhibit 13), which is the best evidence of its contents; otherwise denies the allegations in paragraph 77.

78. Admits the allegations in paragraph 78 to the extent supported by the referenced email (complaint exhibit 13), which is the best evidence of its contents; otherwise denies the allegations in paragraph 78.

79. Admits the allegations contained in paragraph 79 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations in paragraph 79.

80. The allegations in first sentence of paragraph 80 regarding the FAR constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the remaining allegations in first sentence of paragraph 80 to the extent supported by the referenced Contracting Officer's Final Decision, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the first sentence of paragraph 80.  Admits the allegations in second sentence of paragraph 80 to the extent supported by the referenced Contracting Officer's Final Decision, which

is the best evidence of its contents; otherwise denies the allegations in the second sentence of paragraph 80.

81. Admits the allegations in first sentence of paragraph 81 to the extent supported by the referenced document (complaint exhibit 11), which is the best evidence of its contents; otherwise denies the allegations in the first sentence of paragraph 81.  The allegations in the second sentence of paragraph 81 regarding whether 633 CONS acted improperly constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82. Admits the allegations in the paragraph 82 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 82.

83. Admits the allegations in the paragraph 83 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 83.

84. Admits the allegations in the paragraph 84 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 84.

85. Admits the allegations in the paragraph 85 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 85.

86. Denies.

87. The allegations in paragraph 87 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

88. The allegations in paragraph 88 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

89. The allegations in paragraph 89 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

90. The allegations in paragraph 90 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

91. The allegations in paragraph 91 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

92. The allegations in paragraph 92 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

93. The allegations in paragraph 93 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

94. The allegations in paragraph 94 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

95. The allegations in the first sentence of paragraph 95 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegation in the second sentence of paragraph 95 that 633 CONS requested a DCAA audit in March 2015.  Admits the allegation in the third sentence of paragraph 95 that the audit was completed in September 2015.

96. The allegation in paragraph 96 regarding "open[ing] any substantive discussions in the five years after Dominion's receipt of the Termination Notice" is ambiguous and unclear; subject to this observation, defendant denies the allegation in paragraph 96 regarding

substantive discussions.  Denies the allegation in paragraph 96 regarding plaintiff having "no alternative" for lack of knowledge or information sufficient to form a belief as to its truth.

97.  Admits the allegations in the paragraph 97 to the extent supported by the referenced claims, which are the best evidence of their contents; otherwise denies the allegations in paragraph 97.

98. Admits the allegations in the paragraph 98 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 98.

99. Admits that the contracting officer did not issue a final decision within 60 days from the date plaintiff submitted its NUI claim.

100.  Admits the allegations in the first sentence of paragraph 100.  The allegation in the second sentence of paragraph 100 regarding "as amended" is ambiguous and unclear; therefore, defendant denies the allegation in the second sentence of paragraph 100 for lack of knowledge or information sufficient to form a belief as to its truth.

.

101. Admits the allegations in the paragraph 101 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 101.

102. Admits the allegations in the paragraph 102 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 102.

103. The allegations in paragraph 103 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

104. Admits the allegations in the paragraph 104 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 104.

105. Admits the allegations in the paragraph 107 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 105.

106. The allegations contained in paragraph 106 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

107. Admits the allegations in the paragraph 107 to the extent supported by the referenced settlement agreement, which is the best evidence of its contents; otherwise denies the allegations in paragraph 107.

108. Admits the allegations in the paragraph 108 to the extent supported by the referenced settlement agreement, which is the best evidence of its contents; otherwise denies the allegations in paragraph 108.

109. Admits that the settlement amount remaining from the September 2016 settlement agreement in the amount of $83,478 in MLD Termination Settlement Expenses was unpaid as of December 2017; avers that this amount was paid to Dominion in January 2018.

110. The allegations contained in paragraph 110 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

111. Defendant's responses to paragraphs 1 to 111 of the amended complaint are incorporated by reference.

112. Admits the allegations in paragraph 112 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations in paragraph 112.

113. Admits the allegations in paragraph 113 to the extent supported by the referenced termination notices, which are the best evidence of their contents; otherwise denies the allegations in paragraph 113.

114. The allegations in paragraph 114 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

115. The allegations in paragraph 115 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

116. Admits the allegations in paragraph 116 to the extent supported by FAR Part 31, which is the best evidence of its contents; otherwise denies the allegations in paragraph 116.

117. Admits the allegations in paragraph 117 to the extent supported by FAR § 31.205-42(b) which is the best evidence of its contents; otherwise denies the allegations in paragraph 117.

118. The allegations in paragraph 118 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

119. The allegations in paragraph 119 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

120. The allegations in paragraph 120 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

121. The allegations in paragraph 121 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

122. The allegations in paragraph 122 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

123. The allegations in paragraph 123 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

124. Defendant's responses to paragraphs 1 to 123 of the amended complaint are incorporated by reference.

125. The allegations in paragraph 125 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

126. The allegations in paragraph 126 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

127. Denies the allegation that it would be unfair for the Government to not pay the costs at issue in this litigation.  The remaining allegations in paragraph 127 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

128. The allegations in paragraph 128 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

129. Defendant's responses to paragraphs 1 to 128 of the complaint are incorporated by reference.

130. Admits the allegations in paragraph 130 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations in paragraph 130.

131. The allegations in paragraph 131 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

132. The allegations in paragraph 132 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

133. The allegations in paragraph 133 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

134. The allegations in paragraph 134 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

135.  The allegations in paragraph 135 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

136. The allegations in paragraph 136 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

137. The allegations in paragraph 137 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

138. Defendant's responses to paragraphs 1 to 137 of the amended complaint are incorporated by reference.

139. The allegations in paragraph 139 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

140. The allegations in paragraph 140 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

141. The allegations in paragraph 141 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

142. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 141.

143. The allegations in Figures One to Seven of the complaint constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

144. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

OF COUNSEL:

/s Alexander O. Canizares
ERIKA L. WHELAN RETTA          ALEXANDER O. CANIZARES
Trial Attorney                 Trial Attorney
Air Force Legal Operations Agency   Commercial Litigation Branch
                               Civil Division
                               United States Department of Justice
                               PO Box 480
                               Washington, D.C. 20044
                               Tel: (202) 305-3274
                               Fax: (202) 514-8624
                               Alexander.O.Canizares@usdoj.gov

February 1, 2018                        Attorneys for Defendant